**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBRO POLLOCK<br>213 Victoria Gardens Drive<br>Kennett Square, Pennsylvania 19348 | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| WALMART, INC.<br>702 S.W. Eighth Street<br>Bentonville, Arkansas 72716 | : | |

**CIVIL ACTION – COMPLAINT**

**THE PARTIES**

1. Plaintiff, Barbo Pollock (hereafter "Plaintiff"), is an adult individual and resident of the Commonwealth of Pennsylvania residing at the address noted above.

2. Defendant, Walmart, Inc. (hereafter "Defendant"), is a corporate entity registered to conduct business in the Commonwealth of Pennsylvania with a corporate address noted above.

**JURISDICTION**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states."

**VENUE**

4. Venue over this action is appropriate in this matter pursuant to 18 U.S.C. 1391(a)(2), in that a substantial part of the events giving rise to the claim, the subject premises liability incident, occurred within the Eastern District of Pennsylvania in Kennett Square, Pennsylvania.

## FACTUAL ALLEGATIONS

5. At all times relevant hereto, Defendant owned, possessed, and/or controlled the premises known as Walmart Supercenter #3541 located at 516 Schoolhouse Road, Kennet Square, Pennsylvania 19348 (hereafter "the premises" or "premises").

6. At all times relevant hereto, Defendant was responsible for inspecting, cleaning, and maintaining the premises, premises floors, self-checkout area, self-checkout stations, customer walkways, hallways, and common areas within and on the premises free from dangerous conditions.

7. At all times relevant hereto, Defendant was responsible for warning business invitees and/or other persons of dangerous conditions present at and/or on the premises, premises floors, self-checkout area, self-checkout stations, customer walkways, hallways, and common areas within and on the premises.

8. At all times relevant hereto, Defendant acted and/or failed to act by and through its agents, servants, work persons and/or employees, and each other, within the course and scope of agency/employment relationships.

9. On or about December 15, 2023, Plaintiff was a business invitee at Defendant's premises and was caused to sustain a puncture wound to her right ankle due to a dangerous condition in the form of a screw protruding from a self-checkout station which obstructed Plaintiff's ability to travel and created a dangerous condition, which Defendant knew or had reason to know existed and/or created, and the dangerous condition existed for some time, which caused Plaintiff to sustain serious and permanent injuries hereinafter more fully set forth.

10. At all times relevant hereto, Plaintiff acted in a careful, cautious, reasonable, and prudent manner and was free from any comparative negligence.

11. At all times relevant hereto, Plaintiff did not in any manner assume risk of injury and/or accident.

12. The aforementioned accident and resulting injuries and/or damages were due in no part whatsoever to any act or failure on the part of Plaintiff.

**COUNT I**

**Plaintiff, Barbro Pollock v. Defendant Walmart, Inc.**

14. Plaintiff incorporates the preceding paragraphs of this pleading as if the same were set forth herein at length.

15. The aforementioned incident, and resulting injuries and/or damages sustained by Plaintiff, directly and proximately resulted from the negligence and carelessness of the Defendant, which conduct consisted of:

a. Failing to properly and adequately maintain the premises, premises floors, self-checkout area, self-checkout stations, customer walkways, hallways, and common areas within and on the premises in a reasonably safe condition, free of dangerous conditions so that business invitees and other similar persons would not be unnecessarily or unreasonably exposed to danger;

b. Failing to properly and adequately maintain and clean the premises, premises floors, self-checkout area, self-checkout stations, customer walkways, hallways, and common areas within and on the premises in a reasonably safe condition, including but not limited to the area where Plaintiff's fall occurred, so as to prevent the hazardous and dangerous condition in, on and about said premises;

c. Failing to warn persons lawfully upon the premises of said dangerous and hazardous condition;

d. Failing to implement some remedial measures, such as placing warnings, barricades and/or cones, when Defendant knew, and should have known for some time, of the

dangerous and hazardous condition of the premises which caused Plaintiff to fall;

e. Causing and/or permitting a dangerous and hazardous condition to exist which Defendant knew or should have known caused an unreasonable risk of harm to Plaintiff and others;

f. Failing to properly inspect said premises;

g. Creating and permitting a foreseeable risk of harm to business invitees and other present at the premises;

h. Failing to provide Plaintiff, and business invitees and/or other similar persons, with a clear path of travel in areas known to be traversed by business invitees and/or other similar person, including Plaintiff;

i. Failing to make said premises reasonably safe; and

j. Otherwise, Defendant was negligent and careless under the circumstances in the hiring, employing and/or promoting the various agents, servants, workmen and/or employees who were responsible and obligated to properly inspect, maintain, and clear the premises and location of the aforementioned fall.

16. By reason of all the foregoing, Plaintiff, sustained serious and permanent injuries to her right ankle and lumbar spine, and the aggravation of pre-existing conditions, together with various other injuries, the exact extent of which are unknown at this time, some, or all of which may be of a permanent nature with disabilities and loss of function.

17. As a direct result of the negligence and carelessness of the Defendant, Plaintiff has in the past suffered and will in the future suffer great physical pain and anguish; has suffered a loss of the enjoyment of her usual and daily activities, and has been in the past and may in the future be hindered from engaging in her usual and daily duties, pleasures and activities.

18. As a direct result of the negligence and carelessness of the Defendant, Plaintiff has been or will be obliged to receive and undergo medical attention and care and to incur various

expenses, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

19. As a direct result of the negligence and carelessness of the Defendant, Plaintiff has in the past, and may, in the future, be required to undergo extensive medical care, evaluation, therapy, treatment, costly medications, invasive and painful medical procedures, and other medical procedures.

**WHEREFORE**, Plaintiff, Barbro Pollock demands judgment against Defendant, Walmart, Inc. individually, jointly and/or severally in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus damages, interest, costs of suit, and such other relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of twelve.

**MCCANN, DILLON, JAFFE & LAMB, LLC**

Date: May 21, 2024

By: ______________________________

PATRICK C. LAMB, ESQ.
PA Identification No. 70817
plamb@mccanninjurylaw.com
DAVID S. BIGELOW, ESQ.
PA Identification No: 326607
dbigelow@mccanninjurylaw.com
1500 John F. Kennedy Blvd., Suite 1110
Philadelphia, PA 19102
P: (215) 569-8488
F: (215) 569-8288

**VERIFICATION**

I, Barbro Pollock, hereby verify that I am the Plaintiff in this action and that the statements made in the Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Barbro E. Pollock
**BARBRO POLLOCK**

DATED: 5/15/24